IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MOHAMMED ASAMOAH KWANING, | ) |
| Petitioner, | ) ) ) |
| v. | )  No. 2:24-cv-02910-SHL-cgc |
| MERRICK GARLAND, ET AL., | ) ) ) |
| Respondents. | ) ) |

**ORDER DISMISSING § 2241 PETITION FOR LACK OF JURISDICTION, CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed by Petitioner Mohammed Asamoah Kwaning, Bureau of Prisons ("BOP") register number 62076-037, a Ghanaian citizen previously incarcerated at the Federal Correctional Institution in Memphis, Tennessee.[1]  (ECF No. 2).  Petitioner paid the habeas filing fee on December 5, 2024.  (ECF No. 4.)  As outlined below, the Court **DISMISSES** the § 2241 Petition for lack of subject matter and personal jurisdiction.

---

[1] Petitioner was released from BOP custody on December 27, 2024.  *See Find an Inmate,* Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Aug. 20, 2025). Petitioner's last known address was a U.S. Immigration and Customs Enforcement ("ICE") detention facility in Jena, Louisiana.  (*See* ECF No. 8.)  The Court was unable to determine whether Petitioner is still at this facility based on the ICE Online Detainee Locator System.  *See Online Detainee Locator System*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/search (last visited Aug. 20, 2025).

I.      **BACKGROUND & PROCEDURAL HISTORY**

   A.      <u>**Criminal Case**</u>

Petitioner was convicted in the United States District Court for the District of Maryland of conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349; aggravated identity theft, in violation of 18 U.S.C. §§ 2 & 1028A(a)(1), (c)(5); five counts of bank fraud, in violation of 18 U.S.C. §§ 2 and 1344; and two counts of wire fraud, in violation of 18 U.S.C. §§ 2 and 1343.  (*United States v. Kwaning*, Cr. No. 1:14-cr-00600-GLR-2 (D. Md.), ECF Cr. No. 421.)  On September 4, 2018, he was sentenced to 121 months of imprisonment, followed by a three-year term of supervised release.  (*Id*.)  He appealed, and the Fourth Circuit affirmed the district court's judgment.  *United States v. Kwaning*, 786 F. App'x 388, 391 (4th Cir. 2019).  He filed a petition for writ of certiorari with the United States Supreme Court, which was denied.  *Kwaning v. United States*, 140 S. Ct. 1231 (2020).

   B.      <u>**§ 2255 Motions**</u>

On August 17, 2020, Petitioner filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, raising a challenge to his sentence and arguing that the superseding indictment was defective.  (ECF Cr. No. 520.)  The motion was denied on the merits on October 29, 2020.  (ECF Cr. No. 524.)  Petitioner filed a notice of appeal.  (ECF Cr. No. 525.)  The Fourth Circuit denied his motion for a certificate of appealability and dismissed his appeal.  *United States v. Kwaning*, 856 F. App'x 474, 475 (4th Cir. 2021).

Petitioner filed a second § 2255 motion on August 9, 2022, raising claims of ineffective assistance of counsel and challenging the district court's subject matter jurisdiction.  (ECF Cr. No. 572.)  The district court denied the motion.  (ECF Cr. 585.)  Petitioner appealed.  (ECF Cr

No. 587.)  The Fourth Circuit denied Petitioner's motion for a certificate of appealability and dismissed his appeal.  (ECF Cr. No. 594-1.)

###    C.    § 2241 Petition – Civ. No. 2:23-cv-02658

On October 17, 2023, Petitioner filed a § 2241 petition in the Western District of Tennessee.[2]  (*Kwaning v. Harrison*, Civ. No. 2:23-cr-02658-MSN-tmp (W.D. Tenn.), ECF No. 1.)  He alleged that he was a Ghanaian citizen and lawful permanent resident of the United States, who was in custody in violation of the Constitution.  (*Id*. at PageID 6-7.)  He accused the Government of "malicious prosecution" as part of a "willfully executed . . . scheme" to have him removed from the United States.  (*Id*. at PageID 8, 10.)  He argues that the federal district court in Maryland issued judgment against him without grand jury presentment or indictment and without probable cause.  (*Id*. at PageID 8.)  He also contends that his counsel was ineffective for failing to challenge the district court's jurisdiction, among other grounds.  (*Id*. at PageID 14-15.)

The Court concluded that Petitioner was attacking the validity of his criminal convictions, rather than the execution of his sentences.  (ECF No. 9 at PageID 70.)  The Court also determined that he failed to show that the saving clause applied in his case.  (*Id*. at PageID 71.)  The Court explained that § 2255's remedy was not inadequate or ineffective merely because Petitioner's prior § 2255 motions had been denied.  (*Id*.)  Accordingly, the Court

---

[2] Petitioner has also filed multiple § 2241 petitions in the federal district court for the Northern District of West Virginia, starting in 2021.  (*See Kwaning v. McCaffrey*, Civ. No. 5:21-cv-00189-JBM-JPM (N.D. W.Va.); *Kwaning v. McCaffrey*, Civ. No. 5:22-cv-00010-JBM-JPM (N.D. W.Va.); *Kwaning v. Brown*, Civ. No. 5:22-cv-00144-JBM-JPM (N.D. W.Va.).)  He raised similar allegations about being prosecuted without his case having been presented to or an indictment issued by a grand jury.  All of the petitions were dismissed without prejudice for lack of subject matter jurisdiction.

dismissed Petitioner's § 2241 petition for lack of subject matter jurisdiction. (*Id*.) Petitioner appealed, but the appeal was dismissed voluntarily. (ECF Nos. 13, 17.)

Petitioner then filed an amended § 2241 petition. (ECF No. 16.) He raised the same issues in his amended petition that were raised in his original petition. (*Compare* ECF No. 16, *with* ECF No. 1.) The Court construed Petitioner's amended § 2241 petition as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and denied relief. (ECF No. 18.)

D.      **§ 2241 Petition – Civ. No. 2:24-cv-02002**

Petitioner filed a second § 2241 petition in this Court on January 2, 2024. (*See* Civ. No. 24-2002, ECF No. 1.) He then filed several amendments to the petition, the last being the Seventh Amended Petition. (ECF Nos. 6–11.) The Seventh Amended Petition, like his petition in Civ. No. 2:23-cr-02658, attacked his underlying conviction by arguing that the warrant for his arrest was not supported by probable cause. (ECF No. 11 at PageID 112.) He argued that his prosecution was part of an unlawful scheme to have him removed from the United States. (*See id*. at PageID 110.) He contended that he had "no other constitutionally adequate remedy other than the remedy afforded by the writ of habeas corpus." (*Id*. at PageID 112.) On September 25, 2024, the Court dismissed the petition for lack of subject matter jurisdiction. (ECF No. 12.) Petitioner did not appeal.

E.      **The Instant § 2241 Petition – Civ. No. 2:24-cv-02910**

On November 20, 2024, Petitioner filed the instant § 2241 Petition. (Civ. No. 24-2910, ECF No. 2.) He asserts that the Department of Homeland Security ("DHS") has issued a void immigration detainer (*see* ECF No. 2-1) against him. (ECF No. 2 at PageID 3.) He alleges that he is "a private person . . . in custody and restrain[t] of my personal liberty, life, and privacy

4

without due process," in violation of his civil rights and the Fourth and Fifth Amendments to the Constitution. (*Id*. at PageID 7–8.) He asserts that DHS has "knowingly, willfully, and recklessly ordered me detained and removed" from the United States under the pretext of a conviction in federal court. (*Id.* at PageID 8.) Petitioner contends that, in November 2023, the United States Department of Justice ("DOJ") revoked his eligibility for early release under the First Step Act in violation of his liberty interest. (*Id.*) As relief, he seeks: (1) habeas corpus relief; (2) release from custody; (3) a "discharge [of] the void immigration detainers and removal order"; and (4) an order that Respondent not infringe his civil rights. (*Id*. at PageID 9.)

## II.   ANALYSIS

### A. Early Release Under The First Step Act

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation modified). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

Petitioner seeks early release based on the First Step Act, but he has since been released from BOP Custody. Thus, the Court can no longer provide the relief requested. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (stating that a case becomes moot "and falls outside [a court's] jurisdiction" when "events occur during the pendency of a litigation which render the

court unable to grant the requested relief"). Petitioner's request for relief under the First Step Act is now moot and not within the Court's jurisdiction, as this Court cannot grant him relief.

B. **Petitioner's Immigration Issues**

Petitioner challenges his immigration detainer as void. The United States Court of Appeals for the Sixth Circuit has concluded that a district court lacks jurisdiction over a habeas petitioner's challenge to an immigration detainer when the petitioner is still in BOP custody and is not in the custody of ICE. *See Prieto v. Gluch*, 913 F.2d 1159, 1162–63 (6th Cir. 1990); *Garcia-Echaverria v. United States*, 376 F.3d 507, 510–11 (6th Cir. 2004) ("While an alien may file a § 2241 petition challenging his removal proceedings, an alien is not 'in custody' for removal purposes if he is detained pursuant to a sentence for a criminal conviction, even if the INS has filed a detainer order with the prison where the petitioner is incarcerated"); *see also Aritola v. Patton*, No. 07-cv-78-HRW, 2007 WL 2965071, at *4 (E.D. Ky. Oct. 9, 2007) ("The law is well settled that a prisoner must wait until he comes into the custody of the INS or ICE authorities to challenge its detention, as even an immigration detainer or other pre-release notice from immigration authorities does not confer custody to the INS."). "[A]n immigration detainer, which simply gives a prison notice that ICE is interested in the prisoner, is not sufficient to establish 'custody' for purposes of § 2241." *See James v. Dist. Att'y York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015); *see Riesqo Penate v. Garland*, No. 1:22-CV-460, 2023 WL 142300, at *2 (W.D. Mich. Jan. 10, 2023). At the time that Petitioner filed his § 2241 Petition, Petitioner was still in BOP custody serving his federal sentence for bank fraud, wire fraud, and aggravated identity theft. Thus, at that time, the Court did not have jurisdiction over Petitioner's challenge to the immigration detainer.

Petitioner has since been released from BOP custody and was last known to be in ICE custody. Thus, to the extent that Petitioner challenges the detainer itself, his claim is now moot.

Section 2241 does confer jurisdiction upon federal courts to hear petitions challenging pre-removal immigration detentions during the course of removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). However, 28 U.S.C. § 2241(a) provides that district courts may only grant writs of habeas corpus "within their respective jurisdictions." *See Wooten v. United States*, No. 23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) ("When a habeas corpus petitioner challenges his 'present physical confinement,' jurisdiction lies in the district of confinement"). Thus, the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 447 (2004). The ICE District Director has power over alien habeas corpus petitioners and, as the petitioner's immediate custodian, is the proper respondent to the habeas corpus petition. *See Roman v. Ashcroft,* 340 F.3d 314, 320-322 (6th Cir. 2003).

Petitioner's detention facility is in Jena, Louisiana. To the extent Petitioner challenges his pre-removal detention, this Court is not the proper venue and lacks personal jurisdiction over the respondent.

For these reasons, the § 2241 Petition is **DISMISSED**.

III.   **APPELLATE ISSUES**

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a

7

certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because the Court is without jurisdiction over Petitioner's First Step Act claim and his challenge to the immigration detainer, which are now moot, and because the Court lacks personal jurisdiction over the respondent for any challenge to pre-rem detention, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 10th day of September, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
